UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JUSTIN HAMMOND, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:22-CV-2-TLS-JEM |
| | ) | |
| P.O. MITCHELL TIPTON, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Sanctions and Contempt against Lake County Prosecutor's Office [DE 44], filed on May 13, 2025. Plaintiff moves for sanctions against Non-Party Lake County Prosecutor's Office for its failure to timely and properly respond to Plaintiff's subpoena. Lake County Prosecutor's Office filed a response on June 13, 2025, Plaintiff filed a reply on June 27, 2025, and the Court heard oral argument on August 31, 2025.

**I.  Background**

On January 6, 2022, Plaintiff filed the instant suit alleging that on December 11, 2021, Defendant violated his civil rights when, in responding to a report of shots fired near Plaintiff's home, Defendant and other officers shot Plaintiff multiple times. Plaintiff alleges that the use of force was excessive, as he was not armed and more than 20 shots were fired. Discovery began June 6, 2022.

On September 23, 2023, Plaintiff issued and served a subpoena directed to Lake County Prosecutor's Office requesting video and audio recordings of witness interviews. Plaintiff sent an email follow up on August 1, 2024. The same day, Lake County Prosecutor's Office responded that it had not received the case from the Lake County Sheriff's Department but would confer with other departments to confirm. On August 6, 2024, Plaintiff followed up but did not receive a response. On August 7, 2024, Plaintiff sent the same subpoena to the Lake County Sheriff's Office

requesting the video and audio recordings. On February 24, 2025, the Lake County Sheriff's Office advised Plaintiff that it did not have the recordings as the interviews had been conducted at the East Chicago Police Department. Plaintiff also requested the recordings from the East Chicago Police Department, but did not receive them.

On April 3, 2025, on the day his deposition was scheduled, Lake County Sheriff Detective Cory House advised Plaintiff that he had found the audio and video recordings. In the course of his deposition, Detective House testified that he found the recordings on an older server at the Lake County Sheriff's Department and thereafter obtained a disc of those interviews from Lake County Prosecutor Michelle Jatkiewicz. As of July 31, 2025, Plaintiff still has not received a copy of those interview recordings from the Lake County Prosecutor's Office in response to his subpoena. He has not filed a motion to compel a response to the subpoena.

Plaintiff argues that he is entitled to sanctions against Lake County Prosecutor's Office for its failure to respond to the subpoena. He argues that the written summaries of those interviews, received in response to other discovery requests, differ from the recordings, and that those differences meant that he was not able to properly prepare witnesses or himself for their depositions. He avers that the differences in testimony of the witnesses between their recorded interviews and their depositions are significant on the issue of whether Plaintiff had a firearm during the altercation at issue.

Lake County Prosecutor's Office argues that its failure to provide the requested information was excusable. It explains that when there is an officer involved shooting, it is called in to assess whether there should be charges brought, and as part of that assessment, it reviews the materials relative to the incident. It asserts that if no charges are being brought, it will not necessarily open a file at the Lake County Prosecutor's Office. The materials from the assessments

2

are kept in a special file cabinet. Lake County Prosecutor's Office explains that the employee who received the subpoena looked in that file cabinet but that there was no file and no records of this incident in that cabinet. The records were later found in Lake County Prosecutor Jatkiewicz's office. Lake County Prosecutor's Office argues that its failure to timely and properly respond to the subpoena was not intentional and was only an error. Lake County Prosecutor's Office also argues that it did not know that it was the only entity with copies of the materials. In addition, Lake County Prosecutor's Office argues that it could have moved to quash the subpoena, as it has immunity from such requests, although the Court notes that no motion to quash was filed.

Defendant argues that to impose monetary sanctions on a prosecutor's office for this sort of inadvertent oversight would make prosecutors less willing to conduct independent investigations into police involved shootings, and that would be adverse to public policy.

**II.     Standard of Review**

A federal court has the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Abner v. Kendall v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Federal Rule of Civil Procedure 45 provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g) Discovery sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011).

**III. Analysis**

Plaintiff argues that Lake County Prosecutor's Office's failure to timely and properly respond to the subpoena resulted in significant prejudice to him because several witnesses testified differently at their depositions than they testified in the taped interviews which were the subject of the subpoena. Plaintiff argues that he could have better prepared for those depositions if he had had the taped interviews before the depositions. Lake County Prosecutor's Office argues that sanctions are not warranted because its failure to produce the recording was a simple error, and that its employees followed office protocol when searching for responsive materials in responding to the subpoena.

Plaintiff requests monetary sanctions in the amount of at least $3,500 in attorney fees and costs, plus additional fees in an unspecified amount for additional work which may be necessary because of the failure to respond, and an order of contempt. Plaintiff argues that the ultimate trial of this matter will require more impeachment testimony than would have been necessary had he had the recordings, rather than just the summaries, prior to the various witness depositions. He does not argue, and the Court does not find, that a monetary sanction would cure any asserted prejudice.

The Court understands Plaintiff's concerns that having witnesses testify differently in two different statements creates difficulty for Plaintiff in presenting his case. However, the fact that witnesses changed their testimony is not caused by the Lake County Prosecutor's Office's failure to comply with the subpoena, but by the witnesses' faulty memory or untruthfulness. Witnesses have an obligation to be truthful and counsel have ethical obligations, irrespective of documentation of previous interviews. The prejudice Plaintiff claims he may suffer is caused by

4

the witnesses, not by the Lake County Prosecutor's Office, even if he could have prepared for this possibility before the depositions. To the extent that he is arguing that he was prejudiced by not being able to question the witnesses about the changes in their stories, that can be cured by the ability to take additional depositions.

On the other hand, the Court finds that the failure of the Lake County Prosecutor's Office to follow its own internal processes as to storage of such materials does not speak highly of those processes. The Court is hopeful that this incident will cause the Lake County Prosecutor's Office to maintain better records of police involved shooting investigations, and to create more robust processes for subpoena compliance. Although the Court does not find that the Lake County Prosecutor's Office's failure in this one instance warrants the impositions of monetary sanctions, it will be asked to pay the costs associated with any necessary additional follow up depositions for Plaintiff to question the witnesses about their change in testimony. If Plaintiff wishes to seek to reopen fact discovery to take additional depositions of any witnesses, he should file a motion that sets forth the number of depositions requested, the names of the witnesses, whether the depositions can be conducted via video teleconferencing, and the anticipated costs, as well as how long it will take to complete all of the depositions. The expectation is that the Lake County Prosecutor's Office will be ordered to pay the reasonable expenses incurred in taking these depositions. Any motion should be filed on or before September 19, 2025, with Defendant and/or the Lake County Prosecutor's Office to file responses before October 3, 2025.

## IV.   Conclusion

For the foregoing reasons, the Court **DENIES in part as described above** Plaintiffs' Motion for Sanctions and Contempt against Lake County Prosecutor's Office [DE 44], but

**ORDERS** the Lake County Prosecutor's Office to turn over any and all audio and video recordings of any witness statements related to the incident to Plaintiff by **September 12, 2025**. Plaintiff is to file any motion to reopen discovery, as described above, by **September 19, 2025**.

SO ORDERED on 27th day of August, 2025.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Lake County Prosecutor's Office